# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

JOSEPH F. LAFFEY,

    Petitioner,

vs.

JERRY BURT, Warden,

    Respondent.

No. C 04-1004-MWB

**MEMORANDUM OPINION AND ORDER REGARDING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

_____

In this *habeas corpus* action pursuant to 28 U.S.C. § 2254, petitioner Laffey seeks relief from his convictions in Iowa state court on two counts of second degree sexual abuse involving victims under the age of twelve, for which he was sentenced to two consecutive twenty-five year terms of imprisonment. *See State v. Laffey*, 600 N.W.2d 57 (Iowa 1999). Laffey raises two grounds for *habeas corpus* relief: (1) the testimony of the two child victims was so "inconsistent, improbable and incredible that a rational fact finder could not find proof of guilt" under federal due process standards; and (2) the imposition of consecutive sentences under the facts of this case violated the Eighth Amendment's prohibition on cruel and unusual punishment. This matter comes before the court for review of the April 12, 2006, Report and Recommendation (docket no. 48) by United States Magistrate Judge Paul A. Zoss, in which Judge Zoss recommends denial of relief, and pursuant to petitioner Laffey's April 24, 2006, Objections (docket no. 49) to Judge Zoss's recommendation.

The standard of review to be applied by the district court to a report and recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a *de novo* review of a magistrate judge's report where such review is required. *See, e.g., Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir.) (citing 28 U.S.C. § 636(b)(1)), *cert. denied*, 519 U.S. 860 (1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (citing *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994)); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (also citing *Belk*). However, the plain language of the statute governing review provides only for *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Therefore, portions of the proposed findings or recommendations to which no objections are filed are reviewed only for "plain error." *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (reviewing factual findings for "plain error" where no objections to the magistrate judge's report were filed). Laffey makes two objections to Judge Zoss's Report and Recommendation invoking *de novo* review. The court will consider those objections in turn.

Before turning to those objections, however, the court must first briefly review the standards for federal *habeas corpus* relief from a state conviction. Such relief is appropriate in three circumstances: (1) Where the state court's decision is "contrary to" clearly established federal law, as determined by the Supreme Court of the United States; (2) where the state court's decision involves an "unreasonable application" of clearly established federal law, as determined by the Supreme Court of the United States, *see Williams v. Taylor*, 529 U.S. 362, 404-05 (2000) (citing 28 U.S.C. § 2254(d)(1) for these standards for *habeas corpus* relief); or (3) where the state court's decision is based on an

"unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2).

Laffey's first objection is that, in recommending that this court affirm the Iowa Supreme Court's conclusion that there was sufficient evidence of guilt, Judge Zoss failed to recognize that the Iowa Supreme Court had made an "unreasonable determination of the facts." More specifically, Laffey contends that the two complainants, young girls only five and six years old, initially gave statements that reported no crime, but later, in response to leading questions from a child abuse investigator, which clearly indicated what the investigator wanted the children to say, the children gave highly questionable and inconsistent descriptions of Laffey's alleged offense, such that no court could find that the jury was presented with substantial evidence of guilt. Upon *de novo* review, however, this court agrees with Judge Zoss that the Iowa Supreme Court properly concluded that Laffey could not meet the applicable standard for a due process challenge to the sufficiency of the evidence.

Under *Jackson v. Virginia*, 443 U.S. 307 (1979), a due process challenge to the sufficiency of the evidence requires the petitioner to show that "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson*, 443 U.S. at 324; *accord Nance v. Norris*, 392 F.3d 284, 289 (8th Cir. 2004) (citing this standard from *Jackson*); *Sexton v. Kemna*, 278 F.3d 808, 814 (8th Cir. 2002) (also citing this standard from *Jackson*). Under this standard, "[a]ll conflicting inferences that arise from the historical facts must be resolved in favor of the prosecution." *Nance*, 392 F.3d at 290 (citing *Jackson*, 443 U.S. at 326). Moreover, "[i]n applying this standard, '[t]he scope of [the court's] review for a collateral challenge to the sufficiency of the state's evidence is extremely limited. . . . [The court] must presume that the trier of fact resolved all conflicting inferences in the record in favor of the state, and [the court] must defer to that

3

resolution.'" *Sexton*, 278 F.3d at 814 (quoting *Miller v. Leapley*, 34 F.3d 582, 585 (8th Cir. 1994), in turn citing *Jackson*, 443 U.S. at 326). Like Judge Zoss, this court finds that Laffey was free to argue at his trial that the circumstances he now relies on rendered the complainants' testimony unreliable, and this court must presume that the jurors resolved all conflicting inferences against Laffey. *Id.* The Iowa Supreme Court held that the supposed inconsistencies in the children's testimony, either from their initial report to their incriminating statements or between the two witnesses, were too minor to undermine the jury's findings, and that the jurors could reasonably have discounted Laffey's arguments that the children's incriminating testimony was the result of leading questions or other influence from the child abuse investigator. *See Laffey*, 600 N.W.2d at 60. This court does not find such conclusions to be based on an "unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2) (one ground for *habeas* relief).[1] Therefore, Laffey's first objection to the Report and Recommendation will be overruled.

Laffey's second objection is that both the Iowa Supreme Court and Judge Zoss erred in relying on decisions that did not clearly establish federal law on his claim of an Eighth Amendment violation. Laffey contends that the Iowa Supreme Court's decision in *State v. August*, 589 N.W.2d 740 (Iowa 1999), on which the Iowa Supreme Court relied in rejecting his Eighth Amendment argument, *see Laffey*, 589 N.W.2d at 61-62, improperly draws a "gross disproportionality" test from the "fractured" plurality decision in *Harmelin*

---

[1]To the extent that Laffey is also arguing that the Iowa Supreme Court's rejection of his due process argument was "contrary to" or involved an "unreasonable application of" clearly established federal law, as determined by the Supreme Court of the United States, *see Williams v. Taylor*, 529 U.S. 362, 404-05 (2000) (citing 28 U.S.C. § 2254(d)(1) for these standards for *habeas corpus* relief), the court also rejects those arguments. The Iowa Supreme Court applied the proper due process standards and did not unreasonably apply those standards to the facts of the case.

4

*v. Michigan*, 501 U.S. 957 (1991), instead of using the three-factor test of disproportionality in *Solem v. Helm*, 463 U.S. 277 (1983), which he asserts was the only "clearly established law" on the issue at the time of his conviction. He contends that Judge Zoss further compounded the error by relying on *Ewing v. California*, 538 U.S. 11 (2003), and *Lockyer v. Andrade*, 538 U.S. 63 (2003), to confirm the applicability of the "gross disproportionality" test, when he contends that those later decisions have no precedential value as to the applicability or inapplicability of the *Solem* three-factor test in his case. He contends that, had the Iowa Supreme Court or Judge Zoss fully applied the appropriate three-factor test from *Solem*, they would have found an Eighth Amendment violation in his sentence. Again, this court does not agree.

It is true that on Laffey's appeal, the Iowa Supreme Court relied on the decision in *August* to find that Laffey must first generate an inference of "gross disproportionality" between his sentences and the gravity of his crimes, and that only if he could do so, would the court engage in a detailed consideration of the proportionality of the offense to the sentence, including consideration of other factors in the *Solem* analysis. *See Laffey*, 600 N.W.2d at 61 (citing *August*, 589 N.W.2d at 741-43). The Iowa Supreme Court concluded that, as in *August*, Laffey could not make the initial showing:

> Laffey committed two serious crimes—the sexual abuse of two young children. That severe and lasting emotional harm can result to these helpless victims makes the crime especially egregious and deserving of a severe punishment. Therefore, we conclude Laffey's consecutive sentences do not give rise to an inference of gross disproportionality.

*Laffey*, 600 N.W.2d at 61. For this reason, the Iowa Supreme Court found it "unnecessary" to consider other factors in the *Solem* analysis. *Id.* This court concludes that the Iowa Supreme Court's analysis did not constitute either a failure to apply clearly established federal law as determined by the United States Supreme Court or an

5

unreasonable application of that precedent. *See Williams*, 529 U.S. at 404-05 (citing 28 U.S.C. § 2254(d)(1) for these standards for *habeas corpus* relief).

As to failure to apply clearly established federal law, in *Solem*, the United States Supreme Court held "as a matter of principle that a criminal sentence must be proportionate to the crime for which the defendant has been convicted." *Solem*, 463 U.S. at 290. The Court then explained that "a court's proportionality analysis under the Eighth Amendment should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." *Id.* at 292. This court does not read *Solem* to establish rigid consideration of all three factors, or even rigid consideration of only these factors, in a proportionality analysis. Rather, the United States Supreme Court identified factors that a reviewing court "should" consider as "including" the three factors specifically identified. *Id.* Next, in *Harmelin v. Michigan*, 501 U.S. 957 (1991), which also preceded Laffey's appeal, the Supreme Court did not offer a majority opinion overruling *Solem*, but neither did the Court's plurality opinion codify the three factors identified in *Solem* as a rigid "all or nothing" test. Instead, as Judge Zoss correctly explained, two justices, Justice Scalia and Chief Justice Rehnquist, would have rejected *Solem* and any Eighth Amendment proportionality guarantee; three justices, Justices Kennedy, O'Connor, and Souter, determined that a reviewing court should first determine whether a sentence is "grossly disproportionate" to the crime, and only if it was, could there be an Eighth Amendment violation requiring consideration of the remaining two factors in the *Solem* analysis;[2] and

---

[2]"Gross disproportionality" is, in essence, the first factor in the *Solem* analysis, which considers "the gravity of the offense and the harshness of the penalty." *Solem*, 463 U.S. at 292.

four justices, Justices White, Blackmun, Stevens, and Marshall, relied on the continued viability of *Solem* as a three-part analysis. *See* Report and Recommendation at 10-11 (citations omitted). The first five justices concurred in the judgment in *Harmelin*, which denied the petitioner any relief, so that *Harmelin* reasonably stands for the proposition that, if there is any Eighth Amendment protection from disproportionate sentences, that protection only bars a "grossly disproportionate" sentence. Indeed, this was precisely the conclusion of the Iowa Supreme Court concerning the import of *Solem* and *Harmelin* in *August*, on which the Iowa Supreme Court relied in Laffey's case. *See Laffey*, 600 N.W.2d at 61 (citing *August*, 589 N.W.2d at 741-43). The Iowa Supreme Court's decision in *August* (and hence, in *Laffey*) was not "unreasonable," as Laffey contends; rather, it was clairvoyant. After Laffey's appeal was rejected, a majority of the United States Supreme Court concluded that, in the wake of *Solem* and *Harmelin*, "one governing legal principle emerges as 'clearly established' under § 2254(d)(1): A gross disproportionality principle is applicable to sentences for terms of years." *See Lockyer*, 538 U.S. at 72. This court cannot conclude that the Iowa Supreme Court's reliance on a "gross disproportionality" gateway factor in the analysis of an Eighth Amendment claim of disproportionate sentencing constituted a failure to apply clearly established federal law when that is precisely the standard that a majority of the United States Supreme Court subsequently found was the only standard "clearly established" by Supreme Court precedent available at the time of Laffey's appeal.

Nor can this court find an unreasonable application of clearly established federal law by the Iowa Supreme Court in Laffey's case. *See Williams*, 529 U.S. at 404-05 (the second standard for *habeas corpus* relief under 28 U.S.C. § 2254(d)(1) is "unreasonable application" of clearly established law). As the Iowa Supreme Court held, sexual abuse of children under twelve is a serious offense, made more egregious because it could cause

7

severe and lasting emotional harm to the helpless victims, and thus, warrants severe punishment. *See Laffey*, 600 N.W.2d at 61. The Iowa legislature has identified such an offense as a serious felony, carrying a substantial sentence, and the trial court had imposed on Laffey consecutive sentences for two offenses within the range permitted by the statute. As the Court noted in *Solem*, "Reviewing courts, of course, should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals." *Solem*, 463 U.S. at 290. Thus, the Iowa Supreme Court simply showed proper deference to the legislature and the trial court's discretion in holding that Laffey had raised no inference of "gross disproportionality" in his consecutive twenty-five year sentences for two convictions for second degree sexual abuse, and in the absence of such an inference, the Iowa Supreme Court did not unreasonably conclude that its analysis of Laffey's disproportionate sentence claim need go no further.

THEREFORE, upon *de novo* review, the court **overrules** Laffey's April 24, 2006, Objections (docket no. 49) and **accepts** Judge Zoss's April 12, 2006, Report and Recommendation (docket no. 48). Consequently, Laffey's petition for a writ of *habeas corpus* is **denied**.

**IT IS SO ORDERED.**

**DATED** this 8th day of May, 2006.

_____
MARK W. BENNETT
CHIEF JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA